IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS MARINELLI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-2401 |
| | : | |
| SUPERINTENDENT | : | |
| JAIME SORBER, *et al.*, | : | |
|     Defendants. | : | |

### MEMORANDUM

**BAYLSON, J.**                                                                 **SEPTEMBER 15, 2022**

Plaintiff Nicholas Marinelli, a convicted prisoner currently housed at SCI Phoenix, filed this civil rights action naming as Defendants Superintendent Jaime Sorber, Major Terra, Deputy Sipple, and Major Clark, all of whom are identified as employees of SCI Phoenix. Defendants are sued in their official and individual capacities. In addition to the Complaint, Marinelli has filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion for Appointment of Counsel (ECF No. 5). For the following reasons, the Court will grant Marinelli leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will also deny Marinelli's request for appointment of an attorney at this time.

**I.      FACTUAL ALLEGATIONS**

Marinelli contends that during the two years he has been housed at SCI Phoenix, "the air would go off completely" at least twice a week, on Wednesdays and Sundays. (Compl. (ECF No. 2) at 4.)[1] Marinelli avers that he "grieved" this issue several times to bring attention to this

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

situation, but he did not receive any assistance. (*Id.*) Between May 10, 2021 and May 26, 2021, however, Marinelli asserts that the air was completely turned off during "lockdown pandemic conditions and a heat wave." (*Id.*) He contends that his cell was "unliveable" without air circulation, and the "staff [at SCI Phoenix] did nothing." (*Id.*)

Specifically, Marinelli contends that for "2 long weeks we were cruelly and unusually punished by being deprived of our right to breath [sic] air . . . while we stood <u>locked down</u> 21 out of 24 hours daily due to pandemic conditions." (*Id.*) (underlined emphasis in original).[2] He asserts that while the "staff may believe it's just the 'air conditioning,' the prisoners "were forced to live in an <u>airless</u> cell for very long periods of time." (*Id.*) (underlined emphasis in original). Although the prison conceded that there was "an explosion in the chilled waterline and that the air condition[er] was off for 16 days," Marinelli asserts that the HVAC system has continuously had issues since he's been at SCI Phoenix, and when the system is off, there is no backup fan for generating air. (*Id.* at 5.)

Marinelli asserts that during this two-week period, "credible threats of harm were not acted upon, conditions that posed unreasonable risk of serious damage to future health . . . and

---

[2] At several points in his Complaint, Marinelli uses plural pronouns like "we" in referencing the conditions at SCI Phoenix. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) )). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Accordingly, the Court construes Marinelli's allegations as raising only his own claims and not claims of other inmates at SCI Phoenix.

psychological torture" amounted to a "deliberate indifference" because "staff knew about the 'prison conditions' and did nothing to provide relief." (*Id.* at 4.)  Marinelli contends that "no one did anything to help while the air was being repaired," and he is afraid that it will happen again. (*Id*.)  He further asserts that he was "harmed physically and mentally" by these events, and he is requesting money damages in the amount of $20,000 for "their" negligence and for cruel and unusual punishment because he was "forced to live in an 'airless' cell during a heatwave and while being locked down for 21/24 hrs. a day for over 2 weeks." (*Id.*) (underlined emphasis in original).   He also requests that the court "issue an order for the prison officials to have reparations when this situation occurs again." (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Marinelli leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Marinelli's Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to

---

[3] Because Marinelli is a prisoner, he must still pay the entire filing fee in installments as mandated by the Prison Litigation Reform Act.

state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Marinelli is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Liberally construing the Complaint, Marinelli alleges a constitutional claim about the conditions he has experienced at SCI Phoenix as well as a negligence claim under Pennsylvania law. The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

#### A. Official Capacity Claims

Marinelli asserts claims against the Defendants in their official and individual capacities. (Compl. at 2-3.) "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159,

165-66 (1985) (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). Thus, official capacity claims against the defendants — all of whom are employed by the Pennsylvania Department of Corrections ("DOC") — are really claims against the DOC, which is shielded from § 1983 suits by Eleventh Amendment immunity. *See Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020) ("Eleventh Amendment immunity bars actions for retroactive relief against state officers acting in their official capacity."). Accordingly, the Court will dismiss Marinelli's official capacity claims to the extent they seek money damages because those claims are barred by the Eleventh Amendment.[4]

### B.  Individual Capacity Claims

Marinelli has named Superintendent Jaime Sorber, Major Terra, Deputy Sipple, and Major Clark as Defendants. Other than naming these Defendants in the caption of the Complaint, Marinelli makes no specific allegations against them. Rather, Marinelli generally avers that "credible threats of harm were not acted upon, [and] conditions that posed unreasonable risk of serious damage to future health . . . and psychological torture" amounted to "deliberate indifference" because "staff knew about the 'prison conditions' and did nothing to provide relief." (Compl. at 4.) It is not clear to whom Marinelli is referring in making these allegations and, accordingly the allegations are insufficient to allege that these Defendants had any personal involvement in the claimed constitutional violations. *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (pleading that relied on "repeated and collective use of the

---

[4] The Eleventh Amendment, however, does not bar official capacity claims against state officials where the plaintiff seeks prospective injunctive relief to stop an ongoing violation of federal law. *See Ex parte Young*, 209 U.S. 123 (1908); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). Although Marinelli requests that the Court "issue an order for the prison officials to have reparations when this situation occurs again" (*see* Compl. at 4), it is unclear whether Marinelli's use of the word "reparations" in his Complaint is meant to refer to repairs, future monetary damages, or both.

word 'Defendants'" was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims).

It is possible that Marinelli named Superintendent Sorber, Major Terra, Deputy Sipple, and Major Clark as Defendants in this case based on their supervisory positions at SCI Phoenix. (Compl. at 2-3.) There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*; *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

By extension, supervisors are not liable solely by virtue of the fact that their subordinates committed constitutional violations absent some measure of conduct traceable to the supervisors themselves. *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Nor are generalized allegations that a defendant is "in charge of" or "responsible for" an office or facility sufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v.*

*Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)).

Marinelli has not alleged plausibly that Defendants Sorber, Terra, Sipple, and Clark, though their action or inaction, violated his constitutional rights. He has not specified any personal conduct, nor has he alleged that any of these Defendants directed subordinates to violate his rights or knew of but acquiesced in constitutional violations committed by subordinates. In sum, Marinelli has not alleged a plausible basis for these Defendants' liability. Accordingly, Marinelli's claims against Sorber, Terra, Sipple, and Clark will be dismissed without prejudice and with leave granted to file an amended complaint if Marinelli is able to cure the defects the Court has identified.

   **C. Eighth Amendment Claim**

Assuming *arguendo* that Marinelli properly alleged personal involvement against an appropriate Defendant, his allegation that SCI Phoenix staff were deliberately indifferent because he was housed in an "airless" cell for approximately two weeks while the HVAC system was being repaired (Compl. at 4-5) is conclusory and not plausible as pled.

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Unconstitutional punishment typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component

7

asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20).  In general, a prisoner must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the prisoner's health or safety.  *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (*per curiam*) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (stating that the Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials provide "humane conditions of confinement.").  Such necessities include food, clothing, shelter, medical care, and reasonable safety.  *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). "However, where conditions are not 'cruel and unusual' but merely 'restrictive and even harsh,' they do not violate the Eighth Amendment but rather 'are part of the penalty that criminal offenders pay for their offenses against society.'"  *Barndt v. Wenerowicz*, 698 F. App'x 673, 677 (3d Cir. 2017) (*per curiam*) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("the Constitution 'does not mandate comfortable prisons.'")).

A prisoner must also establish that the defendants acted with deliberate indifference. *Farmer*, 511 U.S. at 835.  A claim based on mere negligence is insufficient to allege a plausible Eighth Amendment violation.  *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("It is obduracy

and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.").

The Eighth Amendment is concerned with both the "severity" and the "duration" of the prisoner's exposure to inadequate cooling and ventilation. *Rosa-Diaz v. Harry*, No. 16-2303, 2017 WL 1316946, at *9 (M.D. Pa. Feb. 2, 2017), *report and recommendation adopted*, 2017 WL 1283771 (M.D. Pa. Apr. 6, 2017) (citing *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) ("[I]t is not just the severity of the cold, but the duration of the condition, which determines whether the conditions of confinement are unconstitutional.").  A prisoner's mere discomfort, without more, does not offend the Eighth Amendment.  *Id.* at *9 (citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) ("While the temperature in extended lockdown may be uncomfortable, that alone cannot support a finding that the plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment.")  Brief or intermittent prison ventilation problems that are promptly addressed by correctional officials and that are not sufficiently severe, protracted, or harmful to the prisoner do not constitute cruel and unusual punishment that would rise to the level of a violation of the Eighth Amendment.  *See e.g., Kates v. USP Lewisburg Warden*, 547 F. App'x. 93, 94 (3d Cir. 2013); *Mitchell v. Dodrill*, 696 F. Supp. 2d. 454, 467 (M.D. Pa. 2010).

In the instant case, Marinelli alleges that the air conditioning was shut down for sixteen days while the HVAC system was being repaired but does not specifically identify that he suffered any physical injury from the lack of ventilation.  Although he alludes to such injuries in the Complaint, he does not allege the actual harm suffered.  Because he has not established a

sufficiently serious deprivation to satisfy the objective element of the Eighth Amendment analysis, and fails to allege he suffered any specific physical injury, Marinelli has not alleged a plausible Eighth Amendment claim based on lack of ventilation to his cell.  However, because the Court cannot say at this time that Marinelli can never assert a claim based on improper ventilation, he will be permitted the opportunity to amend his pleading if he can cure these defects.

### D. State Law Claims

Turning to Marinelli's negligence claim, the only independent basis for exercising jurisdiction over any such claim is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).

Marinelli does not allege the citizenship of the parties and his use of Pennsylvania addresses for himself and the Defendants suggests that the parties may not be diverse.  Because

the Complaint is silent on the citizenship of the parties, Marinelli has not met his burden for establishing a basis for diversity jurisdiction over any state claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Marinelli leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Marinelli's official capacity claims for damages will be dismissed with prejudice because the defects in those claims cannot be cured.  Marinelli's remaining federal claims will be dismissed without prejudice for failure to state a claim, and his state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  Marinelli's Motion for Appointment for Counsel will be denied without prejudice at this time.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

Cognizant of Marinelli's *pro se* status, the Court will grant him an opportunity to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim."  *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at * 4 (D.N.J. Oct. 16, 2019)).  Any amended complaint should clearly describe the factual basis for Marinelli's claims against the relevant defendant or defendants and how each defendant was involved in the alleged denial of his constitutional rights.  An appropriate order follows.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

**MICHAEL M. BAYLSON, J.**