**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICHOLAS MARINELLI,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-2401** |
| | : | |
| **SUPERINTENDENT** | : | |
| **JAIME SORBER, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this 15th day of September, 2022, upon consideration of Plaintiff Nicholas

Marinelli's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account

Statement (ECF No. 3), his *pro se* Complaint (ECF No. 2), and his Motion for Appointment of

Counsel (ECF No. 5), it is **ORDERED** that:

1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      Nicholas Marinelli, #FT-2046, shall pay the full filing fee of $350 in installments,

pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the

Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20%

of the greater of (a) the average monthly deposits to Marinelli's inmate account; or (b) the

average monthly balance in Marinelli's inmate account for the six-month period immediately

preceding the filing of this case.  The Superintendent of SCI Phoenix or other appropriate official

shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the

Court with a reference to the docket number for this case.  In each succeeding month when the

amount in Marinelli's inmate trust fund account exceeds $10.00, the Superintendent of SCI

Phoenix or other appropriate official shall forward payments to the Clerk of Court equaling 20%

of the preceding month's income credited to Marinelli's inmate account until the fees are paid.

Each payment shall refer to the docket number for this case.

3.      The Clerk of Court is **DIRECTED** to send a copy of this Order to the

Superintendent of SCI Phoenix.

4.      The Complaint is **DEEMED** filed.

5.      For the reasons discussed in the Court's Memorandum, Marinelli's Complaint is

**DISMISSED** as follows:

   a.      The official capacity claims for damages are **DISMISSED WITH**

   **PREJUDICE**.

   b.      All remaining federal claims are **DISMISSED WITHOUT PREJUDICE**

   for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

   c.      All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack

   of subject matter jurisdiction.

6.      Marinelli may file an amended complaint within thirty (30) days of the date of

this Order to attempt to cure the defects identified by the Court in the claims dismissed without

prejudice.  Marinelli may not reassert a claim already dismissed with prejudice.  Any amended

complaint must identify all defendants in the caption of the amended complaint in addition to

identifying them in the body of the amended complaint and shall state the basis for Marinelli's

claims against each defendant.  The amended complaint shall be a complete document that does

not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting

his amended complaint, Marinelli should be mindful of the Court's reasons for dismissing the

claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an

amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7.      The Clerk of Court is **DIRECTED** to send Marinelli a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Marinelli may use this form to file his amended complaint if he chooses to do so.[1]

8.      If Marinelli does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" after being warned of consequences of dismissal).

9.      If Marinelli fails to file any response to this Order, the Court will conclude  that Marinelli intends to stand on his Complaint and will issue a final order dismissing this case.[2]  *See*

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an

*Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

      10.     The Motion for Appointment of Counsel (ECF No. 5) is **DENIED**.

                  **BY THE COURT:**

                  **/s/ MICHAEL M. BAYLSON**

                  **MICHAEL M. BAYLSON, J.**

---

operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary.").